# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD EUGENE BENDER, | CASE NO. 1:09-cv-00575 DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANTS ROBERT AND CANNEDY WITHIN THIRTY DAYS |
| v. | |
| W. J. SULLIVAN, et al., | |
| Defendants. | (Doc. 1) |

**Screening Order**

I.  **Screening Requirement**

Plaintiff Floyd Eugene Bender, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 30, 2009. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.   Plaintiff's Allegations

Plaintiff, who is currently housed at California State Prison - Sacramento, brings this action for violation of the Eighth Amendment of the United States Constitution.

Plaintiff alleges that on October 13, 2004 at approximately 11:30 a.m., he was placed on 48 hour water restriction by defendant Reed. According to defendants Cannedy, Reed and Robert, Plaintiff was placed on water restriction because they believed Plaintiff liked to assault officers and throw feces. Plaintiff alleges that defendant Reed imposed a false and bogus water restriction. Plaintiff contends that pursuant to operational policy, he was to receive water every hour for approximately 5 minutes. Plaintiff states that the operational policy was violated, and he received water only once that day, and only to his toilet. Plaintiff alleges that defendants Robert and Cannedy refused his several requests for water.

On October 14, 2004, Plaintiff alleges that defendant Cannedy denied Plaintiff water at 7:00 a.m. because he did not feel like turning the water on. Defendant Lopez turned the water on at approximately 11:25 a.m. At approximately 12:30 a.m., Plaintiff asked defendant Robert to turn the water back on, since the water restriction had expired. Defendant Robert turned on the water only to Plaintiff's toilet and not to his sink, denying him access to drinking water.

### A.   Defendants Robert, Cannedy, and Lopez

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995

1  (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth
2  Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew
3  of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511
4  U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

5  Plaintiff's allegations that defendants Robert and Cannedy: i) disliked and were angry with
6  Plaintiff; ii) threatened to pepper spray him; iii) returned the following day with defendant Reed,
7  who imposed the water restriction on Plaintiff, and iv) then repeatedly denied Plaintiff access to
8  drinking water is sufficient to state a cognizable claim against them for violation of the Eighth
9  Amendment.

10  Plaintiff, however, fails to state a claim against defendant Lopez. Plaintiff's allegation that
11  defendant Lopez refused to turn on his water on October 14 at 11:08 a.m., but came back
12  approximately 15-20 minutes and did so, does not support a claim that he knew and disregarded a
13  substantial risk of serious harm to Plaintiff. Farmer, 511 U.S. at 837. "Deliberate indifference is a
14  high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Plaintiff's allegations
15  establish that defendant Lopez responded to Plaintiff's request for water by turning the water on, and
16  as long as defendant Lopez acted reasonably, he is not liable.

17  Finally, Plaintiff alleges that defendants Robert, Cannedy and Lopez verbally abused and
18  intimated him. Verbal harassment or abuse alone is not sufficient to state a constitutional
19  deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987),
20  and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th
21  Cir. 1987).

22  **B.   Defendant Reed**

23  Plaintiff alleges that defendant Correctional Sergeant Reed placed him on water restriction.
24  Plaintiff's exhibits show that he was placed on Water Restriction status for a period of 48 hours,
25  beginning on October 13, 2004 at 1200 h, by defendant Reed. (Doc. 1, Comp. p.14.) The CDC 128B
26  form indicates that during this period of time, staff was to turn on the water to Plaintiff's cell for a
27  period of five minutes each hour, during second and third watch. During first watch, water to his
28  cell would be turned only for a five minute period only when requested (Id.)

The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Placing Plaintiff on water restriction status for a 48h period, and limiting his water access to five minute intervals every hour, does not rise to the level of a constitutional violation. There is nothing that shows that defendant Reed knew of and disregarded a substantial risk of serious harm to the Plaintiff. Further, Plaintiff's contention that the water restriction was "boggus" [sic] and "false" does not give rise to a constitutional violation. Plaintiff's Eighth Amendment claim against defendant Reed fails.

### C.   Supervisory Liability

In this action, Plaintiff seeks to impose liability on Warden Sullivan for failing to train and discipline his staff, and on Assistant Warden Meadors and Chief Deputy Warden Evans for failing to supervise, train, monitor or investigate staff complaints. Plaintiff further alleges that defendants Stainer, Troteham and Reed failed to supervise correctional staff subordinate to them.

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

Plaintiff has alleged no facts indicating any personal involvement by defendants Sullivan, Meadors, Evans, Stainer or Troteham that led to the deprivation of Plaintiff's rights. While Plaintiff has alleged personal involvement by defendant Reed, as discussed above, Plaintiff also does not state a claim against him. The fact that each of these defendants holds a supervisory position (e.g., as warden, associate warden, lieutenant, captain, etc.), alone, does not render them liable for conduct of their staff. Plaintiff fails to state a claim against these defendants.

**D.     Inmate Appeal Process**

Finally, Plaintiff's allegation that his 602 inmate appeal was improperly investigated also fails to state a claim. The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

**III.    Conclusion and Order**

Plaintiff's complaint states claims against defendants Robert and Cannedy for violation of the Eighth Amendment. However, Plaintiff allegations do not support claims against Defendants Lopez, Reed, Sullivan, Meadors, Evans, Stainer, and Troteham. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Robert and Cannedy, Plaintiff may so notify the Court in writing, and his other claims will be dismissed for failure to state a claim. Plaintiff will then be provided with two summonses and two USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Robert and Cannedy.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Plaintiff's original complaint is difficult to read, and his amended complaint must be legible.

Finally, as previously set forth, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

5

1  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
2  pleading," Local Rule 15-220.  Therefore, "[a]ll causes of action alleged in an original complaint
3  which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to
4  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
5  1474.

6  Based on the foregoing, it is HEREBY ORDERED that:

7  1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

8  2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

9   a. File an amended complaint curing the deficiencies identified by the Court in
10    this order, or

11   b. Notify the Court in writing that he does not wish to file an amended
12    complaint and is willing to proceed only against Defendants Robert and
13    Cannedy; and

14  3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to
15   obey a court order.

17 IT IS SO ORDERED.

18 **Dated:** **September 17, 2009**   /s/ **Dennis L. Beck**
              UNITED STATES MAGISTRATE JUDGE