# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD EUGENE BENDER, | CASE NO. 1:09-cv-00575 DLB PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS |
| v. | (Docs. 1, 9, 11) |
| W. J. SULLIVAN, et al., | |
| Defendants. | |

**I.     Order**

Plaintiff Floyd Eugene Bender, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 30, 2009. (Doc. 1.) On September 17, 2009, the Court issued an order requiring Plaintiff either to file an amended complaint or notify the Court of willingness to proceed only against defendants Robert and Cannedy. (Doc. 9.) On October 13, 2009, Plaintiff filed notice of his willingness to proceed only against defendants Robert and Cannedy. (Doc. 11.) Accordingly, the Court issues the following order.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II. Plaintiff's Allegations

Plaintiff, who is currently housed at California State Prison - Sacramento, brings this action for violation of the Eighth Amendment of the United States Constitution.

Plaintiff alleges that on October 13, 2004 at approximately 11:30 a.m., he was placed on 48 hour water restriction by defendant Reed. According to defendants Cannedy, Reed and Robert, Plaintiff was placed on water restriction because they believed Plaintiff liked to assault officers and throw feces. Plaintiff alleges that defendant Reed imposed a false and bogus water restriction. Plaintiff contends that pursuant to operational policy, he was to receive water every hour for approximately 5 minutes. Plaintiff states that the operational policy was violated, and he received water only once that day, and only to his toilet. Plaintiff alleges that defendants Robert and Cannedy refused his several requests for water.

On October 14, 2004, Plaintiff alleges that defendant Cannedy denied Plaintiff water at 7:00 a.m. because he did not feel like turning the water on. Defendant Lopez turned the water on at approximately 11:25 a.m. At approximately 12:30 a.m., Plaintiff asked defendant Robert to turn the water back on, since the water restriction had expired. Defendant Robert turned on the water only to Plaintiff's toilet and not to his sink, denying him access to drinking water.

### A. Defendants Robert, Cannedy, and Lopez

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegations that defendants Robert and Cannedy: i) disliked and were angry with Plaintiff; ii) threatened to pepper spray him; iii) returned the following day with defendant Reed, who imposed the water restriction on Plaintiff, and iv) then repeatedly denied Plaintiff access to drinking water is sufficient to state a cognizable claim against them for violation of the Eighth Amendment.

Plaintiff, however, fails to state a claim against defendant Lopez. Plaintiff's allegation that defendant Lopez refused to turn on his water on October 14 at 11:08 a.m., but came back approximately 15-20 minutes and did so, does not support a claim that he knew and disregarded a substantial risk of serious harm to Plaintiff. Farmer, 511 U.S. at 837. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Plaintiff's allegations establish that defendant Lopez responded to Plaintiff's request for water by turning the water on, and as long as defendant Lopez acted reasonably, he is not liable.

Finally, Plaintiff alleges that defendants Robert, Cannedy and Lopez verbally abused and intimated him. Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

**B.   Defendant Reed**

Plaintiff alleges that defendant Correctional Sergeant Reed placed him on water restriction. Plaintiff's exhibits show that he was placed on Water Restriction status for a period of 48 hours, beginning on October 13, 2004 at 1200 h, by defendant Reed. (Doc. 1, Comp. p.14.) The CDC 128B form indicates that during this period of time, staff was to turn on the water to Plaintiff's cell for a period of five minutes each hour, during second and third watch. During first watch, water to his cell

would be turned only for a five minute period only when requested (Id.)

The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Placing Plaintiff on water restriction status for a 48 hour period, and limiting his water access to five minute intervals every hour, does not rise to the level of a constitutional violation. There is nothing that shows that defendant Reed knew of and disregarded a substantial risk of serious harm to the Plaintiff. Further, Plaintiff's contention that the water restriction was "boggus" [sic] and "false" does not give rise to a constitutional violation. Plaintiff's Eighth Amendment claim against defendant Reed fails.

### C. Supervisory Liability

In this action, Plaintiff seeks to impose liability on Warden Sullivan for failing to train and discipline his staff, and on Assistant Warden Meadors and Chief Deputy Warden Evans for failing to supervise, train, monitor or investigate staff complaints. Plaintiff further alleges that defendants Stainer, Troteham and Reed failed to supervise correctional staff subordinate to them.

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

Plaintiff has alleged no facts indicating any personal involvement by defendants Sullivan, Meadors, Evans, Stainer or Troteham that led to the deprivation of Plaintiff's rights. While Plaintiff has alleged personal involvement by defendant Reed, as discussed above, Plaintiff also does not state a claim against him. The fact that each of these defendants holds a supervisory position (e.g., as warden, associate warden, lieutenant, captain, etc.), alone, does not render them liable for

conduct of their staff. Plaintiff fails to state a claim against these defendants.

### D. Inmate Appeal Process

Finally, Plaintiff's allegation that his 602 inmate appeal was improperly investigated also fails to state a claim. The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

### III. Conclusion and Order

Plaintiff's complaint states claims against defendants Robert and Cannedy for violation of the Eighth Amendment. However, Plaintiff allegations do not support claims against Defendants Lopez, Reed, Sullivan, Meadors, Evans, Stainer, and Troteham. Plaintiff was provided with the opportunity to file an amended complaint, and declined to do so, instead indicating his willingness to proceed only on the claims found to be cognizable in this order.

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants Lopez, Reed, Sullivan, Meadors, Evans, Stainer, and Troteham are dismissed from this action for failure to state a claim upon which relief may be granted; and

2. This action proceed against Defendants Robert and Cannedy for violation of the Eighth Amendment.

IT IS SO ORDERED.

Dated:   **November 9, 2009**             /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE