UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FLOYD EUGENE BENDER, | | CASE NO. 1:09-cv-00575-OWW-GBC(PC) |
| | Plaintiff, | ORDER GRANTING MOTION TO COMPEL AND ORDERING SANCTIONS AGAINST PLAINTIFF |
| v. | | |
| CANNEDY, et al., | | (ECF No. 38) |
| | Defendants. | DISPOSITIVE MOTIONS DEADLINE EXTENDED |

**ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Floyd Eugene Bender ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 30, 2009. (ECF No. 1.) Upon screening Plaintiff's Complaint, the Court found it stated cognizable claims only against Defendants Robert and Cannedy for Eighth Amendment violations. (ECF No. 9.) Plaintiff was given the option of either attempting to cure the deficiencies noted in the Screening Order by filing an amended complaint, or notifying the Court of his willingness to proceed on the claims against Robert and Cannedy.

(Id.) Plaintiff notified the Court of his willingness to proceed on cognizable claims against Robert and Cannedy on October 13, 2009.  (ECF No. 11.)

Pending before the Court now is Defendants' Motion to Compel filed February 24, 2011.  (ECF No. 38.)  Plaintiff filed his Opposition on March 14, 2011.  (ECF No. 39.)

## II.    BACKGROUND

Defendants were originally scheduled to take Plaintiff's deposition on December 9, 2010.  (ECF No. 29.)  However, it was cancelled due to Plaintiff being transferred to a different facility. Defendants attempted to reschedule, but were unable to do so for considerations outside of their control.  (ECF No. 36.)

Finally, Plaintiff's deposition was scheduled to be taken, via video conference, February 18, 2011[1].  (ECF No. 38-1, p. 4.)  Two correctional officers came to Plaintiff's cell to escort him to his deposition.  Plaintiff, who had recently been classified as an Inmate Exhibitionist ("IEX"), refused to put on the IEX jumpsuit as required stating that he did not want to wear the special jump suit[2] and that the deposition could easily be rescheduled. (ECF No. 38-1, p. 11-12, 14-15.)  Thus, the deposition did not occur.

## III.   DISCUSSION

Defendants now seek an order compelling Plaintiff's deposition and monetary sanctions in the amount of $302.50, which represents the costs incurred to compensate the court reporter.  (ECF 38-1, p. 9.)  They further seek to have the filing deadline for

---

[1] Throughout the Motion, Defendants state that the date of the deposition was February 28, 2011. (ECF No. 38, p. 4, ll. 11, 21, 24.)  However, the notice, declarations from the correctional officers, court reporter's invoice, and Plaintiff's opposition state that the deposition was scheduled for February 18, 2011. The Court will assume the February 28, 2011 reference is an error.  Further, the Motion was filed February 24, 2011, which would have been four days before the deposition was scheduled, if it was in fact scheduled for February 28, 2011.

[2] The special jump suit opened in the back as opposed to the front, restricting Plaintiff's ability to expose his genitals.  (ECF No. 38-1, pp. 12 & 14.)

dispositive motions rescheduled to 45 days after Plaintiff's deposition is completed.

Defendants state that Plaintiff was properly served and noticed for his deposition, and that his lack of attendance was without justification. Defendants also state that Plaintiff was aware of the difficulties of scheduling the deposition as he had received all filings. Defendants further urge that Plaintiff's actions have prejudiced their attempt to secure a timely resolution of this action.

In response to Defendants' Motion to Compel, Plaintiff filed a pleading titled "Notice of a New Deposition and to Dismiss the Motion to Compel and a Monetary Sanction of 302.50 and a Request for Defendants Summary Judgment." (ECF No. 39.) Plaintiff claims that, on February 18, 2011, he was denied access to and participation in his deposition. In opposition to Defendants' claim that he was without justification for his actions, Plaintiff states that he had justification. Plaintiff claims that he refused to wear the special jump suit because the correctional officers did not have a general chrono requiring him to do so. Plaintiff claims that the general chrono was not produced until after February 18, 2011, and was then backdated to before his scheduled deposition.

Plaintiff asks that Defendants accept a written deposition instead of rescheduling the oral deposition. His written deposition is attached to his responsive pleading. (ECF No. 30, pp. 3-5.)

**IV.   ANALYSIS**

A party may take another party's duly noticed deposition in person as a matter of right. Fed. R Civ. P. 30. If the party to be examined fails to appear after being served with a proper notice of deposition, the court may make such orders concerning the failure as are just, including dismissal. Fed.R.Civ.P. 37.

The deposition notice was served on January 27, 2011, and gave reasonable notice of the deposition set for February 18, 2011. Fed. R. Civ. P. 30(b)(1). Plaintiff willfully failed to attend his deposition. This failure subjects him to sanctions, including reasonable expenses caused by his failure to appear "unless the failure to appear was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Plaintiff's justification that there was no general chrono requiring him to wear a special jump suit and that the general chrono was backdated is not a justification, nor is it in any way substantiated. Plaintiff does not state that he requested to see the general chrono when the officer asked that he wear the special jump suit, nor does he state that he informed the officers that there was not a general chrono requiring him to wear the suit. As described by the officers, it appears that Plaintiff just did not want to wear the special jump suit.

Plaintiff was properly noticed that he had to attend the video deposition on February 18, 2011. He received a ducat from the prison providing him clearance to go to the deposition. Two correctional officers showed up to escort him to the deposition. When he argued with them, they attempted to explain the regulations to him. A sergeant was called in when Plaintiff continued to refuse. The sergeant and other correctional officer repeatedly attempted to explain the situation to Plaintiff. Plaintiff refused stating that he did not want to wear the special jump suit and that the deposition could be rescheduled. Refusing to wear the special jump suit is not a substantial justification for failing to attend his deposition.

Thus, the Court GRANTS Defendants' Motion to Compel and will AWARD Defendants reasonable expenses of that deposition in the amount of $302.50.

Further, the court may modify a schedule upon a finding of good cause. Fed.R.Civ.P. 16(b). Good cause exists when the moving party cannot meet the deadline in question despite exercising due diligence. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The deadline for filing dispositive motions was March 31, 2011. Being that this deadline has passed and the deposition has still not occurred, the Court will GRANT Defendants' request to modify the scheduling order. Any dispositive motions will be due not more than 45 days after Plaintiff's deposition has been taken.

## V.  CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' Motion to Compel Plaintiff's deposition and for sanctions in the amount of $302.50, filed February 24, 2011, is GRANTED;
2. Plaintiff is ordered to appear for his deposition, should Defendants notice one, and the failure to appear will subject Plaintiff to additional sanctions, including dismissal of this action;
3. The deadline for filing dispositive motions is extended to 45 days after Plaintiff's deposition occurs;
4. Plaintiff has ninety (90) days to pay the Attorney General's Office $302.50;
5. Plaintiff's request to dismiss Defendants' motion to compel is DENIED; and
6. Plaintiff's request to accept written deposition in place of oral deposition is DENIED.

IT IS SO ORDERED.

Dated:  May 23, 2011

UNITED STATES MAGISTRATE JUDGE