# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD EUGENE BENDER,<br><br>        Plaintiff,<br><br>  v.<br><br>W.J. SULLIVAN, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv–00575-LJO-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL AS UNTIMELY<br><br>Docs. 49 & 50 |

On March 30, 2009, Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On April 21, 2010, the Court issued a discovery and scheduling order, setting a discovery deadline of December 21, 2010. Doc. 21. On December 20, 2010, the Court granted Defendants' motion for extension of time to take Plaintiff's deposition on January 21, 2011. Doc. 30. On February 3, 2011, the Court granted Defendants' motion for extension of time to take Plaintiff's deposition on February 28, 2011. Doc. 35. On May 23, 2011, the Court granted Defendants' motion to compel Plaintiff's deposition and ordered sanctions against Plaintiff for failing to appear for his deposition. Doc. 40. On June 24, 2011, Defendants took Plaintiff's deposition. Doc. 42. On July 18, 2011, Plaintiff mailed interrogatories and requests for productions of documents to Defendants. Docs. 49 & 50. On July 31, 2011, Defendants received Plaintiff's discovery requests. Defs. Resp. Ex. A. On August 5, 2011, Defendants filed a motion for summary judgment. Doc. 41. On September 9, 2011, Plaintiff filed an opposition to the motion for summary judgment and filed two motions to compel. Docs. 48, 49, 50. On September 26, 2011, Defendants filed an opposition to Plaintiff's motions to compel. Doc. 52.

In the discovery and scheduling order, the Court ordered the parties to serve all discovery requests at least forty-five days before the discovery deadline. Doc. 21. Additionally, the Court ordered that the parties complete all discovery, including the filing of motions to compel, by the discovery deadline of December 21, 2010. *Id.*

In this case, the Court extended the deadline to take Plaintiff's deposition, ordered sanctions against Plaintiff for failing to appear for his deposition, and set the dispositive motion deadline for forty-five days following Plaintiff's deposition. Docs. 30, 35, 40. The discovery deadline remained December 21, 2010, and Plaintiff did not move to extend the discovery deadline. Plaintiff mailed his discovery requests approximately seven months after the discovery deadline had passed.

Despite his pro se status, Plaintiff is not entitled to any latitude for the untimeliness. *See Fingerhut Corp. v. Ackra Direct Mktg. Corp.*, 86 F.3d 852, 856–57 (8th Cir. 1996) (stating that pro se representation does not excuse a litigant from complying with court orders); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (explaining that although courts should liberally construe pro se plaintiffs' legal arguments and strictly construe their compliance with procedural requirements); *see also Carter v. Comm'r*, 784 F.2d 1006, 1008–09 (9th Cir.1986) (noting that pro se plaintiffs must follow the rules of the court). Therefore, Plaintiff's discovery requests and motions to compel are untimely. Fed. R. Civ. P. 16(b).

Accordingly, it is HEREBY ORDERED that Plaintiff's motions to compel, filed September 9, 2011, are DENIED as untimely.

IT IS SO ORDERED.

Dated:   January 9, 2012

UNITED STATES MAGISTRATE JUDGE