# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD EUGENE BENDER,<br><br>        Plaintiff,<br><br>   v.<br><br>W.J. SULLIVAN, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv–00575-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DISMISSING ACTION, WITH PREJUDICE<br><br>Doc. 41<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

## I. Procedural Background

On March 30, 2009, Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On September 17, 2009, the Court issued a screening order, requiring Plaintiff to file an amended complaint or notify of willingness to proceed on the Eighth Amendment claims found cognizable against Defendants R. Cannedy and D. Roberts. Doc. 9. On October 13, 2009, Plaintiff notified the Court of willingness to proceed on the claims found cognizable. Doc. 11. On November 9, 2009, the Court dismissed the remaining claims and defendants. Doc. 12. On December 15, 2009, the Court issued a second informational order, advising Plaintiff that Defendants may file a motion for summary judgment and how Plaintiff must oppose the motion in order to avoid dismissal, pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). Doc. 15. On August 5, 2011, Defendants filed a motion for summary judgment. Doc. 41. On September 9, 2011, Plaintiff filed an opposition to the motion for summary judgment. Doc. 48. On September 14, 2011, Defendants filed a reply to Plaintiff's opposition. Doc. 51. This matter is deem submitted pursuant to Local Rule 230(l).

**II. Legal Standard for Summary Judgment**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Under summary judgment practice, the moving party:

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. In resolving the summary judgment motion, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

//
//
//
//
//
//

### III. Undisputed Facts

In October 2004, Plaintiff was housed at the California Correctional Institute at Tehachapi ("CCI"). Defs. Mot. Summ. J., Ex. B, Doc. 41. Defendants R. Cannedy and D. Roberts are correctional officers who worked in the building where Plaintiff was housed. *See id.* On October 13, 2004, Sergeant Reed, a non-defendant, placed Plaintiff on a 48-hour water restriction due to an alleged misuse of plumbing from covering his cell window with wet paper. *See id.* at Ex. A. During the water restriction, an inmate is unable to control the plumbing in his cell, and instead, correctional officers periodically turn on the plumbing. *See id.* During Plaintiff's water restriction, CCI served him his normal three meals per day, including fruit and eight-ounces of milk for breakfast. *See id.* at Ex. C. Plaintiff admitted to being able to drink from his sink at least one time, and nurses delivered Plaintiff's medications to his cell. *See id.* As a result of the water restriction, Plaintiff experienced a "little stomachache" for two to three days. *See id.* at Ex. B. A nurse provided Plaintiff with a medicine like Pepto-Bismol for his upset stomach. *See id.* Plaintiff contends that the reason that he experienced an upset stomach was because he drank water from his toilet bowel when the sink in his cell did not work. *See id.* According to Dr. A. Joaquin, M.D., the physician at CCI, consuming the prison menu and drinking water only once in 48 hours would not have any negative health impact on a normal, moderately active adult. *See id.* at Ex. D.

### IV. Legal Standard for Eighth Amendment Cruel and Unusual Punishment and In-Cell Water Restriction

The Eighth Amendment protects prisoners from "cruel and unusual punishment." U.S. Const. Amend. VIII. But this is not a mandate for comfortable prisons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Indeed, prison conditions may be both restrictive and harsh without violating the Constitution. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Within this construct, however, prison officials must provide food, clothing, shelter, sanitation, medical care, and personal safety. *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment when these two components are met: (1) the deprivation alleged must be objectively sufficiently serious; and (2) the prison official possesses a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991)). In determining whether a deprivation

of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, courts consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water or sanitation over an extended time are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *Id.* at 732-33.

However, temporary deprivations of access to drinking water do not violate the Eighth Amendment when the inmate receives sufficient nutrition and hydration. *See Spitsyn v. Morgan*, 2008 WL 714095 (W.D. Wash. 2008)[1] (seven-day water restriction did not violate the Eighth Amendment when water was turned onto the cell at intervals ranging from several times per day to one time per day); *Tesch v. County of Greenlake*, 157 F.3d 465, 476 (7th Cir. 1998) (requiring pretrial detainee to wear the same clothes, receive beverages only with meals, and sleep on a mattress on the floor for two days did not violate the constitution); *Dennis v. Thurman*, 959 F. Supp. 1253, 1261-62 (C.D. Cal 1997) (lack of running water for 36 hours did not violate Eighth Amendment because inmate was provided with liquids during mealtimes).

In *Kidwell*, jail officials placed the plaintiff in administrative segregation for 24 hours, after finding that the plaintiff had damaged the smoke detector in his cell by throwing water from his sink onto it. *Kidwell*, 996 F.2d at 1225. The water in the cell he was moved to was turned off to prevent the plaintiff from causing further damage. *Id.* Kidwell alleged an Eighth Amendment violation because he was deprived of drinking water and was unable to flush his toilet. *Id.* The court found that the defendants moved Kidwell for safety reasons and to prevent further damage. *Id.* "This temporary restriction of amenities was not cruel and unusual punishment, especially given that turning off the water was related specifically to Kidwell's misconduct." *Id.* The court found that the defendants' action comported with the Eighth Amendment because it was not "'so totally without penological justification that it result[ed] in the gratuitous infliction of suffering.'" *Id.* (citing *Gregg v. Georgia*,

---

[1] Defendants cited *Spitsyn*, *Kidwell v. Buchanan*, 996 F.2d 1225(9th Cir. 1993) (Table), and *Wilson v. Timko*, 972 F.2d 1348 (9th Cir. 1992) (Table) in their motion for summary judgment. Defendants served copies of these unreported opinions to Plaintiff, in accordance with Local Rule 133(i)(3)(ii).

428 U.S. 153, 183 (1976)).

In *Wilson*, the Ninth Circuit found that prison officials did not violate the plaintiff's Eighth Amendment rights by turning off the water to his cell for two and a half days when he used the plumbing to flood his cell. *Wilson*, 972 F.2d at 1348. The *Wilson* court determined that the water restriction comported with Eighth Amendment protections because it was not without penological justification and the plaintiff's basic needs were satisfied because he was provided with regular meals and liquids. *Id.*

### V. Analysis

Defendants do not dispute the facts of the case for the purposes of summary judgment. Even construing the facts in the light most favorable to the non-moving party, Plaintiff has not established a genuine issue of material fact for trial on his Eight Amendment claim for cruel and unusual punishment. For the 48-hour period of Plaintiff's water restriction, he was provided with regular meals, milk and fruit, and at least one drink of water from his sink. Defs. Mot. Summ. J., Ex. A & C, Doc. 41. Dr. Joaquin further submitted a sworn affidavit that consuming the prison menu and drinking water only once in 48 hours would not have any negative health impact on a normal, moderately active adult. *See id.* at Ex. D. Plaintiff does allege a "little stomachache" resulting from his election to drink from the toilet bowel, which the nurse treated with a medicine like Pepto-Bismol. *See id.* at Ex. C. Notwithstanding causation or Defendants' culpability, Plaintiff's alleged stomachache would be a *de minimis* injury. *Oliver v. Keller*, 289 F.3d 623, 627-28 (9th Cir. 2002) (holding that physical injury must be more than *de minimis* for purposes of 42 U.S.C. § 1997e(e) but not extending the requirement to Eighth Amendment excessive force cases, which focus on whether the use of physical force is more than *de minimis*).

Thus, summary judgment is appropriate because there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

//
//
//

## VI. Conclusion and Recommendation

Accordingly, pursuant to Rule 56 of the Federal Rules of Civil Procedure, the undersigned HEREBY RECOMMENDS that the Court GRANT Defendants' motion for summary judgment and that this action be DISMISSED, with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 30, 2012

UNITED STATES MAGISTRATE JUDGE